IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
Civil Case No.: 5:26-cv-00018-D-KS

| | |
|---|---|
| JONATHAN HATCHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BASF CORPORATION, YUN-JEONG HONG, and MILIND SINGH, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR LEAVE TO AMEND THEIR ANSWER TO THE AMENDED COMPLAINT**

**NATURE OF THE CASE**

Defendants BASF Corporation, Yun-Jeong Hong, and Milind Singh (collectively, "Defendants") respectfully move for leave to amend their Answer to the Amended Complaint for one narrow purpose: to clarify that their existing statute of limitations defense (the Fourth Defense) applies to Plaintiff's Second Claim for Relief, "discrimination in firing under the ADA." Defendants' Fourth Defense states: "Plaintiff's claims are barred in whole or in part by the applicable statute of limitations." (Dkt. #31). Defendants seek leave for the Court to allow them to amend their Answer to the Amended Complaint to amend the Fourth Defense as follows and deem filed the Amended Answer attached to the instant Motion:

> Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, particularly with respect to Plaintiff's Second Claim for Relief due to Plaintiff's failure to comply with the statutory prerequisites to bringing the Second Claim for Relief to the extent Plaintiff seeks recovery for events or circumstances that were not the subject of a timely charge of discrimination filed with the EEOC and/or to the extent that they arose more than 180 days prior to the filing of Plaintiff's EEOC Charge, and Plaintiff's failure to exhaust administrative remedies.

Courts routinely characterize the 180-day deadline for filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") as a statute of limitations. Defendants' Fourth Defense was intended to assert that limitations bar to Plaintiff's Second Claim for Relief under the ADA, and Defendants raise that argument in their contemporaneously filed Motion for Summary Judgment and supporting Memorandum of Law. Defendants believe the Fourth Defense, as pleaded, already preserves this argument, and they bring the instant Motion only out of an abundance of caution to remove any doubt as to its scope.

Even if Defendants proposed amendment to its statute of limitations defense were deemed to be seeking to add an entirely new affirmative defense as opposed to clarifying an existing defense, leave would not be strictly necessary. Under controlling Fourth Circuit precedent, a new affirmative defense is not waived when it is first raised in a pre-trial dispositive motion, absent unfair surprise or prejudice to the plaintiff. Defendants' Motion for Summary Judgment expressly argues that the Second Claim for Relief is time-barred because Plaintiff did not file his EEOC Charge within the 180-day limitations period as it relates to his discrimination in firing claim. Plaintiff separated from employment with BASF on November 8, 2024, and Plaintiff filed an EEOC Charge on November 20, 2025 – 377 days after his separation – focusing on BASF's decision not to rehire him in July 2025. Plaintiff therefore cannot claim surprise or prejudice.

To the extent leave is required, it is warranted under both Rules 16 and 15 of the Federal Rules of Civil Procedure. Good cause exists under Rule 16(b) because Defendants acted diligently: the amendment deadline under the operative Scheduling Order passed before the Court ruled on Defendants' Partial Motion to Dismiss, and counsel moved to amend promptly upon recognizing, while preparing the summary judgment motion, that the Fourth Defense did not identify the specific remaining claim to which it relates. Likewise, the liberal standard of Rule 15(a)(2) favors

amendment because there has been no undue delay or bad faith, the amendment is not futile given the undisputed timing of Plaintiff's EEOC Charge, and Plaintiff will suffer no prejudice because no additional discovery could alter that timing and he may respond to the defense in opposing summary judgment. Thus, the Court should grant Defendants' Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. Plaintiff's Complaint and Amended Complaint.

On November 10, 2025, Plaintiff filed a Complaint in the General Court of Justice, Superior Court Division, Wake County, North Carolina. (Dkt. #1-1). On January 14, 2026, Defendants removed the lawsuit to this Court. (Dkt. #1). On February 4, 2026, Defendants filed an Answer to the initial Complaint. (Dkt. #13).

On February 26, 2026, Plaintiff purported to file an Amended Complaint "as a matter of course pursuant to Rule 15(a)." (Dkt. #17). However, Plaintiff's Amended Complaint was filed 22 days after Defendants' Answer was filed on February 4, 2026; therefore, the Amended Complaint was not timely filed as a "matter of course." Nonetheless, Defendants did not oppose the filing of the Amended Complaint.

### II. A Scheduling Order is Entered.

On March 18, 2026, the Parties jointly filed a Discovery Plan under Federal Rule 26(f) and proposed to the court, among other deadlines, that the Defendants should be allowed until May 20, 2026 to join additional parties or amend the pleadings. (Dkt. #20). On March 20, 2026, the Court entered a Scheduling Order adopting the Discovery Plan except as specifically modified including the modification that all discovery be completed by September 30, 2026. (Dkt. #21).

## III. Defendants' Partial Motion to Dismiss and Answer to the Amended Complaint.

On March 26, 2026, Defendants filed a Partial Motion to Dismiss Plaintiff's Amended Complaint. (Dkt. #22). On July 30, 2026, the Court granted the Partial Motion to Dismiss dismissing the intentional infliction of emotional distress claim (Fourth Claim for Relief) and negligence claim (Fifth Claim for Relief). (Dkt. #30).

On August 13, 2026, Defendants filed their Answer to the Amended Complaint. (Dkt. #31). The Answer's "Fourth Defense" pleads as follows: "Plaintiff's claims are barred in whole or in part by the applicable statute of limitations." (Dkt. #31, p. 16).

## IV. Discovery.

On April 15, 2026, Defendants served their written discovery requests on Plaintiff. On September 1, 2026, Plaintiff served written discovery requests to Defendants. On September 14, 2026, Plaintiff filed a Motion to Amend Scheduling Order to Extend Deadline To Complete Discovery (Dkt. # 34), which the Court granted by Order dated September 24, 2026. (Dkt. # 39).

On October 22, 2026, the Parties filed a Joint Motion for Extension Of Time To File Dispositive Motions (Dkt. # 41), which the Court granted by Order dated October 27, 2026 (Dkt. # 42).

The Parties deadline to file dispositive motions is November 13, 2026. On November 13, 2026, Defendants filed a Motion for Summary Judgment.

# ARGUMENT

## I. Preliminary Considerations.

Defendants' Fourth Defense asserting statute of limitations, as pleaded, preserves Defendants' defense to Plaintiff's untimely filed EEOC Charge. Under the ADA, which incorporates Title VII's exhaustion and timeliness requirements, an aggrieved party must file a

charge of discrimination within 180 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1); *see* 42 U.S.C. § 12117. Courts routinely refer to this statutory deadline for filing a charge of discrimination as a statute of limitations. *See Rowland v. Am. Gen. Fin., Inc.,* 340 F.3d 187, 191 (4th Cir. 2003) (specifically referring to the 180-day deadline for filing a charge of discrimination as "the statute of limitations"); *Equal Emp. Opportunity Comm'n v. Battleground Restaurants, Inc.,* No. 1:24CV792, 2025 WL 589160, at *4 (M.D.N.C. Feb. 24, 2025) (referring to the deadline for filing an EEOC charge as a statute of limitations affirmative defense); *Persichetti v. UPS*, No. 7:20-CV-209-BO, 2020 WL 8092423, at *2 (E.D.N.C. Dec. 8, 2020), *R&R adopted*, No. 7:20-CV-209-BO, 2021 WL 76958 (E.D.N.C. Jan. 8, 2021) ("The 180-day period is a statute of limitations, and if a charge is not filed with the EEOC prior to expiration of the 180-day filing period, the claim is time-barred in federal court."). Consequently, Defendants' assertion of statute of limitations as their Fourth Defense in Answer to the Amended Complaint already preserves Defendants' argument that Plaintiff's Second Claim for Relief under the ADA is barred by the applicable statute of limitations.

Nevertheless, out of an abundance of caution and to clarify their intent for the Court and Plaintiff, Defendants filed the instant Motion to amend their statute of limitations affirmative defense (Fourth Defense) to specify that it applies to Plaintiff's Second Claim for Relief. To the extent clarification of Defendants' Fourth Defense is deemed necessary, Defendants' instant Motion should be granted. "[A]bsent unfair surprise or prejudice to the plaintiff, a defendant's affirmative defense is not waived when it is first raised in a pre-trial dispositive motion[.]" *Beard v. John Hiester Chevrolet, LLC*, 640 F. Supp. 3d 420, 429 (E.D.N.C. 2022) (quoting *Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 612 (4th Cir. 1999) (collecting cases) (overruled on other grounds by *Desert Palace v. Costa*, 539 U.S. 90 (2003)). Indeed, raising an affirmative defense in

a dispositive motion does not unfairly surprise or prejudice a plaintiff. *See Beard*, 640 F. Supp. 3d at 429 ("By raising the prior express consent defense in its motion for summary judgment, JH Chevrolet did not unfairly surprise or prejudice Beard."); *Willis v. Cleveland Cnty., N. Carolina*, No. 1:18-CV-00292-MR-WCM, 2020 WL 908888, at *2 (W.D.N.C. Feb. 25, 2020) (holding the defendants' affirmative defense was "properly before this Court regardless of whether they filed a motion to amend their answer" because defendants had already raised the affirmative defense in the summary judgment motion before the Court, which did not result in surprise or prejudice to the plaintiff).

Here, Plaintiff cannot show surprise that Defendants would assert a limitations bar with respect to Plaintiff's ADA accommodation and termination claim. Plaintiff separated employment on November 8, 2024. On November 17, 2024, Plaintiff filed a Complaint with the NCDOL concerning his separation. *See Defendants' Memorandum of Law in Support of Motion for Summary Judgment,* p. 8. On December 27, 2024, the NCDOL closed its investigation of the complaint and specifically informed Plaintiff that he could contact the EEOC regarding any claims under the ADA. *Id.* Plaintiff then waited until November 20, 2025 – 377 days after his employment separation and following his rejection for a new and different employment position he applied for with BASF – to file an EEOC Charge. *Id.*

Defendants also placed Plaintiff on notice of their intent to rely upon statute of limitations with respect to Plaintiff's remaining claims in the Amended Complaint following the Court's dismissal of Plaintiff's Fourth and Fifth Claims for Relief. Moreover, Defendants' Motion for Summary Judgment argues Plaintiff's Second Claim for Relief, discrimination in firing under the ADA, must be dismissed due to Plaintiff's failure to timely file an EEOC Charge within the 180-day statute of limitations. Thus, Plaintiff cannot show surprise because Plaintiff was made aware

of right to timely file an EEOC charge, Defendants' assertion of a statute of limitations defense, and Defendants' affirmative defense is raised in their dispositive motion.

Similarly, Plaintiff cannot show prejudice. Defendants bring this Motion before Plaintiff has been required to take any action with respect to that defense. Had Defendants included the proposed amended Fourth Defense in their Answer to the Amended Complaint, Plaintiff would not have needed to address it until responding to any motion for summary judgment filed by Defendants. Moreover, no discovery Plaintiff could conduct would change the date on which Plaintiff filed his EEOC Charge or the dates of alleged conduct underlying his Second Claim for Relief for discriminatory termination. Plaintiff can address Defendants' affirmative defense in his response to Defendants' Motion for Summary Judgment. Accordingly, allowance of Defendants' clarification of their Fourth Defense will not require duplication of effort by Plaintiff or the Court. *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (allowing amendment to pleading following summary judgment and stating "delay alone" is an "insufficient reason" to deny a motion to amend). Because Plaintiff will not be prejudiced by Defendants' proposed Amended Answer, the Court should grant this Motion. *See Jones Eng'g Sales, Inc. v. Faulkner/Baker & Assocs., Inc.*, 199 F.3d 1327 (4th Cir. 1999) ("It is well settled in this circuit that delay unaccompanied by prejudice to the non-movant or attempted harassment should not suffice as reason for denial under Rule 15(a)."). As explained further below, leave to amend the Fourth Defense is appropriate under Rules 16 and 15.

## II. Leave to Amend the Fourth Defense Is Warranted.

### A. Leave Under Rule 16 Is Proper.

To the extent a showing of good cause is required,[1] Defendants have satisfied that showing because they diligently moved to amend the Fourth Affirmative Defense.

This Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). When "the deadlines provided by a scheduling order have passed, the good cause standard [of Rule 16(b)(4)] must be satisfied to justify leave to amend the pleadings." *Mondragon v. Scott Farms, Inc.*, 329 F.R.D. 533, 539 (E.D.N.C. 2019), *objections overruled*, No. 5:17-CV-00356-FL, 2019 WL 489117 (E.D.N.C. Feb. 7, 2019) (citations and quotation marks omitted). The good cause standard looks at "the diligence of the party seeking the proposed amendment." *Id*. Once good cause is shown, "a motion to amend will only be denied if amendment would be prejudicial to the other party, there has been bad faith by the moving party, or amendment would be futile." *Id.* at 540.

Here, Defendants have acted diligently and not delayed. Defendants filed their Answer to the Amended Complaint on August 13, 2026. Defendants conducted Plaintiff's deposition on September 10, 2026, and engaged in extensive written discovery and depositions following Plaintiff's written discovery issued September 1, 2026, and requests for deposition dates from Defendants made by Plaintiff on September 4, 2026. (*See* Dkt. 9, p. 9; 41, p. 2). On October 15, 2026, the parties held a mediation and subsequently reached an agreement on the monetary amount to resolve the case but were ultimately unable to reach an agreement on the terms of the settlement

---

[1] Defendants' May 20, 2026 deadline to file an amended answer was unattainable given that Defendants' Partial Motion to Dismiss was granted on July 30, 2026. (Dkt. #30). Out of an abundance of caution, Defendants demonstrate that good cause under Rule 16 has been met.

agreement. *See* Dkt. 41. In preparing Defendants' Motion for Summary Judgment, undersigned counsel noticed that the statute of limitations defense (Fourth Defense) asserted in their Answer to the Amended Complaint did not identify the related remaining claim. In addition to raising the affirmative defense with further specificity in their Motion for Summary Judgment, undersigned counsel also filed the instant Motion. Thus, Defendants have not delayed.

Moreover, amendment will not be prejudicial to Plaintiff. It is an undisputed fact that Plaintiff filed an EEOC Charge on November 20, 2025, and any discrete act that falls outside the 180-day statute of limitations period for filing an EEOC Charge is time-barred. Defendants have not acted in bad faith. Finally, amendment would not be futile. For the reasons articulated in Defendants' Motion for Summary Judgment, Plaintiff's failure to timely file an EEOC Charge within 180-days of his failure to accommodate, termination, and retaliation claims bar his Second Claim for Relief as a matter of law.

Defendants have satisfied the good cause standard under Rule 16. Therefore, this Court should grant Defendants' Motion.

**B. <u>Leave Under Rule 15 Is Proper.</u>**

The interests of justice support amendment. Under Rule 15, leave to amend a pleading should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "Therefore, absent a showing of undue delay, bad faith, futility, or prejudice to the opposing party, a Court should grant a party leave to amend." *Willis v. Cleveland Cnty., N. Carolina*, No. 1:18-CV-00292-MR-WCM, 2020 WL 908888, at *1 (W.D.N.C. Feb. 25, 2020).

As explained above, Defendants have not delayed moving to amend the Fourth Defense. The procedural facts of the case show that Defendants moved to amend three months after filing their Answer to the Amended Complaint, forty-three days after discovery closed, approximately

one month following the parties' mediation after which a monetary figure was agreed upon and it appeared a resolution would be reached, and on the same day Defendants' Motion for Summary Judgment was filed. These facts do not show delay. Defendants have not acted in bad faith. Amendment would not be futile because the affirmative defense is meritorious, as further memorialized in Defendants' Motion for Summary Judgment. The facts show that Plaintiff's failure to timely file an EEOC Charge within 180-days of his failure to accommodate, termination, and retaliation claims bar his claims as a matter of law. Finally, Plaintiff will not be prejudiced for the reasons outlined above.

**CONCLUSION**

For the aforementioned reasons, this Court should grant Defendants' Motion for Leave to Amend their Answer to the Amended Complaint.

Respectfully submitted this the 13th day of November, 2026.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

/s/ *Vanessa N. Garrido*
Kevin S. Joyner (N.C. Bar No. 25605)
Vanessa N. Garrido (N.C. Bar No. 53470)
8529 Six Forks Road
Forum IV, Suite 600
Raleigh, North Carolina 27615
Telephone: 919.787.9700
Facsimile: 919.783.9412
Email: kevin.joyner@ogletree.com
Email: vanessa.garrido@ogletree.com

*Attorneys for Defendants*